AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

_____   District of   _____Delaware_____

UNITED STATES OF AMERICA
V.
__Duville Gould__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  CR 06-82-SLR

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense
  for which a maximum term of imprisonment of ten years or more is prescribed in __21 USC §841__.
  X under 18 U.S.C. § 924(c).
- X☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
OCT 5 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   X a preponderance of the evidence: Defendant is presently charge with various drug related offenses including trafficking and possession of a weapon during a drug trafficking crime. The bases for detention are as followins:

1. The evidence against defendant is substantial. A search of his bedroom found 50 grams of crack, a handgun, 400 grams of MJ and $9,000 in cash On his person was found 37 grams of crack, some MJ and a few hundred dollars. Of note, defendant has been self employed since 2003, selling clothing from his vehicle and claims that his month **gross** income is $700. The concern of the court is where did the quantity of money he had' on his person and in his possession come from.
2. Defendant is charged with 4 serious drug related offenses. In the past he was previously convicted of possession of drug paraphernalia in 2002; distribution of cocaine in 2001 (conviction in MD), for which he failed to appear. His terms of probation for this offense ended in August 2005. Defendant therefore has been previously convicted of drug distribution offense and his current charges involve the same activity.
3. Although defendant claims that he has been living with his grandmother, she advised that he stays with her off and on. She also advised that she did not want to get involved with her grandson's legal problems.
4. Although defendant offered that his mother may be willing to serve as a surety, criminal records indicate that she is currently being supervised for her own criminal conviction. There is a caution in her rap sheet that she is known to use drugs. Obviously, an inappropriate third party custodian.
5. Despite living in MD, and supposedly having a stable address (defendant claimed that he has lived with his grandmother for 28 years), defendant has numerous failures to appear in that state for traffic violations.

Therefore, in light of the present charges, defendant's past criminal history, both his questionable employment and resident history, there are no conditions of combination thereof that will reasonably assure his appearance as required and the safety of the community.

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| October 5, 2006 | |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).