IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 06-82-SLR |
| DUVILLE T. GOULD, | : | |
| Defendant. | : | |

**DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS EVIDENCE**

Defendant, Duville T. Gould, through his counsel, Eleni Kousoulis, hereby moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth Amendment of the United States Constitution, for an order suppressing for use by the government any and all evidence seized from Mr. Gould or his vehicle, on or about July 14, 2006.

In support of this motion the defense submits as follows:

1. On July 14, 2006, Mr. Gould was stopped by police officers while driving his vehicle for allegedly not wearing a seatbelt. Mr. Gould was removed by officers from his car and searched him. During this search, officers recovered a bag from Mr. Gould's pocket containing what the officers believed to be crack cocaine. During a subsequent search of Mr. Gould's person, officers also recovered what they believed to be marijuana.[1]

---

[1] Any facts contained in this motion were taken from the police reports prepared with regard to this case. By including these facts in its pre-trial motion, the defense in no way concedes that events transpired as stated in the police report. It is the defense's position that an evidentiary hearing is needed to further develop the facts with regard to this motion through the adversarial process.

2.      The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed if they fall within a few well-delineated exceptions. United States v. Katz, 389 U.S. 347, 357 (1967).

3.      A seizure occurs at the application of physical force to restrain an individual or when the individual submits to a showing of authority by law enforcement officers. United States v. Brown, 448 F.3d 239, 245 (3d Cir. 2006) (citing California v. Hodari D., 499 U.S. 621, 626 (1991)). Mr. Gould was clearly seized by police in this case when he was stopped by police while traveling in his car. A seizure without a warrant or probable cause may only be conducted in the form of a brief investigatory stop, when the officer has reasonable suspicion that the individual is engaged in criminal activity. Couden v. Duffy, 446 F.3d 483, 494 (3d Cir. 2006) (citations omitted).

4.      "In justifying [a] particular intrusion, the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio, 392 U.S. 1, 19 (1968). The reasonable suspicion standard is less stringent than probable cause, but still requires an officer to have a "particularized and objective basis for suspecting the particular person stopped of criminal activity." United States v. Cortez, 499 U.S. 411, 417-18 (1981). "An officer's objective basis for suspicion must be particularized because the 'demand for specificity in the information upon which police action is predicated is the central teaching of this Court's Fourth Amendment jurisprudence.'" Brown, 448 F.3d at 246 (quoting Terry v. Ohio, 392 U.S. 1, 22 n. 18). Furthermore, absent a search incident to a lawful arrest, an officer can only search a suspect as part of an investigatory stop, if that officer has reasonable suspicion to believe the suspect is presently armed and dangerous. See Terry, 392 U.S.

1. "A search for weapons in the absence of probable cause to arrest...must...be strictly circumscribed by the exigencies which justify its initiation. Thus it must be limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby..." Terry at 25 (internal citations omitted).

5. In the present case, there was no probable cause to justify the stop and seizure of Mr. Gould. Furthermore, there was no probable cause or reasonable suspicion to take Mr. Gould out of his car and search him. Because the search was illegal, all evidence seized from this illegal search must be suppressed in accordance with the "fruit of the poisonous tree doctrine", as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

**WHEREFORE**, Defendant respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an order to suppress the evidence as discussed above.

        Respectfully submitted,

/s/  
Eleni Kousoulis, Esquire  
Assistant Federal Public Defender  
704 King Street, Suite 110  
Wilmington, DE 19801  
Attorney for Defendant Duville T. Gould

DATED: November 22, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 06-82-SLR |
| DUVILLE T. GOULD, | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that a copy of Defendant's Pre-Trial Motion to Suppress Evidence is available for public viewing and downloading and was electronically delivered on November 22, 2006, to:

>Richard Andrews, Esquire
>Assistant U.S. Attorney
>1007 Orange Street
>Suite 700, P.O. Box 2046
>Wilmington, DE   19899-2046

>/s/_____
>Eleni Kousoulis, Esquire
>Assistant Federal Public Defender
>704 King St., Suite 110
>Wilmington, Delaware   19801
>Attorney for Defendant Duville T. Gould

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-82-SLR |
| | : | |
| | : | |
| DUVILLE GOULD | : | |
| | : | |
| Defendant. | | |

## **ORDER**

Having considered Defendant's Motion to Extend Time to File Pretrial Motions,

**IT IS HEREBY ORDERED** this _____ day of _____, 2006, that Defendant Gould's pretrial motions shall be due on the _____ day of _____, 2006.

_____
Honorable Sue L. Robinson
United States District Court