

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

*Nemours Building*  (302) 573-6277
*1007 Orange Street, Suite 7100*  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

January 9, 2007

Honorable Sue L. Robinson
Chief Judge
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

    Re:  **United States v. Duville T. Gould**
          <u>**Criminal Action No.   06-82-SLR**</u>

Dear Chief Judge Robinson:

    Enclosed please find the plea agreement in the above case. I would request that the scheduled teleconference on January 11, 2007 at 10:00 a.m. be converted to a Rule 11 proceeding.

                                 Yours very truly,

                                 COLM F. CONNOLLY
                                 United States Attorney

                        By: /s/ Richard G. Andrews
                                 Richard G. Andrews
                                 First Assistant United States Attorney

pc:   Eleni Kousoulis, Esquire

RGA:slb
Enclosure

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 06-82-SLR |
| ) | |
| DUVILLE T. GOULD, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Richard G. Andrews, First Assistant United States Attorney for the District of Delaware, and the defendant, Duville T. Gould, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The Defendant shall plead guilty in the United States District Court for the District of Delaware to Count II of the Indictment, which charges him with possession with intent to distribute cocaine base, a/k/a crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B).

2. The Defendant understands that the United States has filed an Information alleging that he has a "prior conviction for a felony drug offense," pursuant to 21 U.S.C. §§ 841(b)(1)(B) & 851. The Defendant agrees that he has been convicted of the prior felony drug offense described in the Information, and waives any and all objections to the filing and allegations of the Information. The Defendant understands that as a consequence of his guilty plea and the filing of the Information, the maximum sentence for his crime is life imprisonment, of which ten years are minimum-mandatory,

a fine of $4,000,000, lifetime supervised release with a minimum of five years of supervised release, and a $100 special assessment.

3. The Defendant further agrees to waive indictment and enter a guilty plea to an Information charging a violation of 18 U.S.C. §§ 924(c)(1)(A)(i) & 2, which charges him with possession of firearms in furtherance of a drug trafficking crime. The Defendant understands that the maximum penalties for the possession of the firearms in furtherance of a drug trafficking crime is life imprisonment, with a minimum sentence of imprisonment of five years consecutive to any other terms of imprisonment imposed upon the defendant, a $250,000 fine, or both, five years supervised release, and a $100 special assessment.

4. The United States agrees to move to dismiss Counts I, III, IV, and V of the Indictment as they pertain to the Defendant at the time of the sentencing.

5. The Defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offenses to which he is pleading guilty, that is, for Count II, that: (1) on or about July 14, 2006, the Defendant possessed a substance; (2) the substance was cocaine base; (3) the substance weighed more than five grams; (4) the Defendant acted knowingly; and (5) the Defendant acted with the intent to distribute the cocaine base. For the possession of firearms in furtherance of a drug trafficking crime set forth in the Information, the elements are that: (1) on July 14, 2006, he possessed firearms; (2) that the possession was done knowingly; and (3) that the possession was done in furtherance of a drug trafficking crime, to wit, possession with intent to distribute cocaine base, a/k/a crack cocaine.

6. The Defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The Defendant further understands that the Government will

recommend that the Court impose a sentence of fifteen years imprisonment, unless the minimum of the sentencing guidelines range is higher than that, in which case the Government will recommend the minimum of the guidelines range. The Defendant understands that the final determination of the sentencing guidelines will be up to the sentencing judge, and that the Government's sentencing recommendation does not bind the Court. Based on the defendant's conduct to date, the United States agrees that the defendant should obtain a three level reduction for acceptance of responsibility. The Defendant understands that the Court is not bound by a stipulation between the parties, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

7. The Defendant abandons any right, title and interest that he may have in the following firearms: three handguns described as a Glock model 19, 9 mm semi-automatic pistol, serial no. DY684US, a Glock model 30, .45 caliber semi-automatic pistol, serial no. GFC195, and a Taurus model PT 58 S, .380 caliber semi-automatic pistol, serial no. KHH09101, the firearms having been seized by New Castle County Police Officers on about July 14, 2006; agrees to execute all documents requested by the Government to effect his abandonment; and agrees that the Bureau of Alcohol, Tobacco, Firearms and Explosives and/or New Castle County Police Department may dispose of the firearms and ammunition in whatever manner it deems appropriate.

8. The Defendant not to oppose the forfeiture of the approximately $12,000 described in the Indictment's notice of forfeiture, and agrees to execute any documents necessary to effectuate the forfeiture.

9. The Defendant agrees to pay the $100 special assessments the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the

Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____                    By:_____
Eleni Kousoulis, Esquire                                Richard G. Andrews
Attorney for Defendant                                  First Assistant United States Attorney


_____
Duville T. Gould
Defendant

Dated:


**AND NOW**, this _____ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE SUE L. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

4